AAS/LZ/ADR
F.# 2021R00608

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-                                     STIPULATION & PROTECTIVE ORDER

DOMAGOJ PATKOVIC,                          24-CR-317 (RER)

               Defendant
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

        1.    Any and all discovery material containing information of the type identified in Rule 49.1(a) of the Federal Rules of Criminal Procedure and/or otherwise designated by the government as "Sensitive Discovery Material,"[1] which may contain and/or reflect personal identifying information regarding individuals other than the defendant including victims and witnesses, including without limitation information related to names, addresses, telephone numbers, email addresses, dates of birth, social security numbers and/or bank accounts or other financial records, and produced to the defendant by the government in the above-captioned case, and any and all copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material, may be used by the defendant and the defendant's counsel only for the purposes of defending against the charges in the above-captioned case, including without limitation preparing

---

[1] The Sensitive Discovery Material will be marked with Bates stamping reflecting the designation.

1

for pretrial hearings, trial and sentencing, appeal, or collateral attack (commenced within a year of the exhaustion of the defendant's appellate rights) involving the charges in the above-captioned case.

2. Any and all Sensitive Discovery Material produced to the defendant and the defendant's counsel by the government and any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material shall not be further disseminated by the defendant and the defendant's counsel to any individuals, organizations or other entities (other than legal staff of defense counsel, expert witnesses or investigators retained by the defendant's counsel who have signed this Stipulation and Protective Order), without further Order of the Court.

3. Each of the individuals to whom disclosure is authorized in paragraph 2, that is, members of the legal staff of and expert witnesses and investigators retained by the defendant's counsel who have signed this Stipulation and Protective Order, shall be provided a copy of this Stipulation and Protective Order and will be advised that he or she shall not further disseminate any portion of the Sensitive Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material except in conformity with this Stipulation and Protective Order;

4. The defendant may review the Sensitive Discovery Material only in the presence of the defendant's counsel or counsel's legal staff. The defendant is prohibited from having possession, custody, or control of the Sensitive Discovery Material, except to the extent necessary for the defendant to review the Sensitive Discovery Material in the presence of the defendant's counsel or counsel's staff. The defendant is further prohibited from disseminating any Sensitive Discovery Material or providing information from Sensitive Discovery Material to others.

5. Where the defendant and/or the defendant's counsel wish to disclose any portion of the Sensitive Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material to any individual to whom

disclosure is not authorized by paragraph 3, counsel must provide advance notice to the government and make an application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure;

6. None of the Sensitive Discovery Material nor any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material shall be disseminated to, or discussed with, the media in any form. Nothing in this Stipulation and Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial or other proceeding; where the defendant and/or the defendant's counsel wish to attach any portion of the Sensitive Discovery Material to public filings made with the Court, counsel must provide advance notice to the government and make an application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure;

7. Nothing in this Stipulation and Protective Order in any way releases counsel for the government or the defendant's counsel from the obligation of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York;

8. Nothing in this Stipulation and Protective Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) as to particular items of Sensitive Discovery Material or other discovery materials;

9. If the defendant obtains substitute counsel or elects to represent himself *pro se*, the undersigned defense counsel will not transfer any portion of the Sensitive Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material unless and until substitute counsel or the *pro se* defendant enters into this Stipulation and Protective Order or obtains an Order from the Court exempting counsel or the *pro se* defendant from, or modifying the provisions of, the Stipulation and Protective Order.

10. Counsel for the defendant may retain one copy of the Sensitive Discovery Material. However, the defendant and the defendant's counsel will destroy or return to the government all other copies of the Sensitive Discovery Material, whether in the possession of the defendant, members of the legal staff, or expert witnesses and investigators retained by counsel who have signed this Stipulation and Protective Order, at the conclusion of the trial if the defendant is acquitted on all counts or, in the case of convictions either at trial or by guilty plea, upon completion of any sentencing, appeal or collateral attack on the convictions made by the defendant in this matter;

11. Any violation of this Stipulation and Order, as determined by the Court, will require, in addition to any other sanction deemed appropriate by the Court, the immediate destruction of or return to the United States of the Sensitive Discovery Material and all copies thereof; and

12. It is contemplated that this Stipulation and Protective Order may be executed in multiple counterparts with separate signature pages, with all such counterparts and signature pages together to be deemed one and the same original document.

Dated: Brooklyn, New York
October 30, 2024

BREON PEACE
United States Attorney
Eastern District of New York

By: _____
Alexander Solomon
Laura Zuckerwise
Andrew Reich
Assistant United States Attorneys

_____
James Darrow
Attorney for Defendant Domagoj Patkovic

SO ORDERED. Dated: 10/30/2024

s/Ramón E. Reyes, Jr.
THE HONORABLE RAMON E. REYES, JR.
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK